Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd., Suite 402
Flemington, NJ 08822
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 68.38.209.12,<br><br>            Defendant. | Civil Action No. 3:14-cv-003945<br><br>Judge Michael A. Shipp<br><br>Magistrate Judge Douglas E. Arpert<br><br>Motion Date:  December 15, 2014 |

# PLAINTIFF'S OPPOSITION TO
# DEFENDANT DOE'S MOTION TO QUASH SUBPOENA

Civil Action No. 3:14-cv-003945

## **TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………………………….4

II.     LEGAL STANDARD…………………………………………………….....5

III.    DEFENDANT FAILED TO STATE A LEGALLY COGNIZABLE REASON TO QUASH THE SUBPOENA UNDER FED. R. CIV. P. 45……………………………………………………………………………….5

       A.      The Subpoenaed Information is Relevant…………………...5

       B.      Defendant Does Not Have an Expectation of Privacy…………7

       C.      Courts Throughout The Country Have Expressly Found   That Plaintiff And Its Counsel Do Not Engage In Improper Litigation Tactics……………………………………………9

       D.      Arguments That Go To The Merits Of Plaintiff's Complaint Have No Bearing On A Motion To Quash…………………...11

       E.      Forcing Plaintiff to Litigate Against an Unknown Party is a Violation of Plaintiff's Due Process Rights…………………..12

       F.      Plaintiff Does Not Object to Defendant's Request to Proceed  Anonymously……………………………………13

VI.     CONCLUSION…………………………………………………...14

## **TABLE OF AUTHORITIES**

Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992) ..................................................12
Does v. Shalushi, 2010 WL 3037789 (E.D. Mich. 2010)............................................13
First Time Videos v. Does 1-500, 276 F.R.D. 241, 247 & 251 (N.D. Ill. 2011).8, 11
Malibu Media, LLC v. Doe, 2014 WL 1228383 (N.D. Ill. 2014) ............................11
Malibu Media, LLC v. John Does 1, 6, 13, 14, 950 F. Supp. 2d 779, 788
(E.D. Pa. 2013)........................................................................................................9
Malibu Media, LLC v. John Does 1-11, 2013 WL 1504927
(D.N.J. Apr. 11, 2013) .........................................................................................5, 6
Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21, 2013 WL 1777710
(D. Colo. 2013)........................................................................................................9
Malibu Media, LLC v. John Does 1-14, 287 F.R.D. 513, 517, (N.D. Ind. 2012) ...12
Malibu Media, LLC v. John Does 1-15, 2012 WL 3089383,
(E.D. Pa. July 30, 2012)................................................................................ 5, 6 & 8
Malibu Media, LLC v. John Does 1-18, 2014 WL 229295, (D.N.J. 2014)...............8
Malibu Media, LLC v. John Does 1-21, 2012 WL 3590902 (D. Colo. 2012) ..........5
Malibu Media, LLC v. John Does 1-30, 2:12-cv-13312-DPH-MJH
(E.D. Mich. May 16, 2013)....................................................................................10
Malibu Media, LLC v. John Does 1-5, 2012 WL 3641291 (S.D.N.Y. 2012).........10
Malibu Media, LLC v. John Does 1-6, 2013 WL 2150679 (N.D. Ill. 2013) ........6, 9
Malibu Media, LLC v. John Does 1-67, 2012 WL 6720996 (M.D. Fla. 2012) ........7
Malibu Media, LLC v. John Does 1-9, 8:12-cv-00669-SDM-AEP
(M.D. Fla. July 6, 2012).........................................................................................10
Malibu Media, LLC v. John Does No. 1-30, 2012 WL 6203697 (D.N.J. 2012)....6,7
Malibu Media, LLC v. Reynolds, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013)........10
Patrick Collins, Inc. v. John Does 1–54, No. 11–1602, 2012 WL 911432,
(D.Ariz. Mar 2012) .................................................................................................8
Patrick Collins, Inc. v. John Does 1-9, 2012 WL 4321718  (C.D. Ill. 2012)............7
Raw Films, Ltd. v. John Does 1-15, 2012 WL 1019067, (E.D. Pa. 2012)................6
Third Degree Films v. Does 1-36, 2012 WL 2522151, (E.D. Mich. 2012) ..............9
United States v. Microsoft Corp., 56 F.3d 1448, 1463-64 (D.C. Cir. 1995)...........12

Civil Action No. 3:14-cv-003945

**I.      INTRODUCTION**

Plaintiff, Malibu Media, LLC ("Plaintiff"), respectfully requests this Court deny Defendant's Motion to Quash and allow Plaintiff to receive the subpoena response from Defendant's Internet Service Provider ("ISP"). Defendant's Motion fails to state a legally cognizable reason under Fed. R. Civ. P. 45 to quash the subpoena. Defendant's argument that the subpoena should be quashed because the Internet subscriber assigned a particular IP address may not necessarily be the infringer lacks merit. Even if the subscriber is not the infringer, that is not a reason to quash the subpoena under Fed. R. Civ. P. 45. Further, Plaintiff's subpoena is proper because it is likely to lead to the discovery of admissible evidence. And, without the subpoena response from Defendant's ISP, this case cannot proceed. The only way for Plaintiff to identify the actual infringer is by subpoenaing the ISP for the identity of the subscriber assigned the subject infringing IP address. Indeed, Plaintiff has "established that 'good cause' exists for it to serve a third party subpoena on Comcast Cable." Order, CM/ECF 7, at p. 4.

Finally, Plaintiff does not oppose Defendant's request to proceed anonymously, which should allay Defendant's concerns regarding any public embarrassment. For the foregoing reasons, as explained more fully below, this Court should deny Defendant's Motion.

## II. LEGAL STANDARD

Fed. R. Civ. P. 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a person to comply beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter; or, subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(i-iv). The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secret or other confidential research, development, or commercial information; or disclosure of certain expert opinions. *See* Fed. R. Civ. P. 45(c)(3)(B)(i-ii). "No other grounds are listed." *Malibu Media, LLC v. John Does 1-21*, 2012 WL 3590902 (D. Colo. 2012). Additionally, "[t]he party seeking to quash the subpoena bears the burden of demonstrating that the requirements of Rule 45 are satisfied." *Malibu Media, LLC v. John Does 1-11*, 2013 WL 1504927, at *2 (D.N.J. Apr. 11, 2013) (quoting *Malibu Media, LLC v. Doe,* 2012, 2012 WL 3089383 at * 12, (E.D. Pa. 2012).

## III. DEFENDANT FAILED TO STATE A LEGALLY COGNIZABLE REASON TO QUASH THE SUBPOENA UNDER FED. R. CIV. P. 45

### A. <u>The Subpoenaed Information is Relevant</u>

Defendant has failed to state a reason under Fed. R. Civ. P 45 to quash the subpoena. Instead, Defendant argues that the subpoena should be quashed because

the subscriber may not be the actual infringer. *See* CM/ECF 14-1, at p. 8-10. Even if the subscriber is not the infringer, Plaintiff is still entitled to obtain the subpoena response from the ISP and proceed with the case. "Although the information sought by the subpoenas might not be dispositive of the true identities of the alleged infringers, it is reasonably calculated to lead to the discovery of information necessary to allow plaintiff to ascertain their true identities." *Malibu Media, LLC v. John Does 1-11*, 2013 WL 1504927, at *5 (D.N.J. 2013). Indeed, Rule 26 of the Federal Rules of Civil Procedure provides for broad discovery, and the identity of the subscriber is clearly relevant under the given standard.

> <u>The scope of discovery in federal litigation is broad</u>. Discovery may be obtained regarding any unprivileged matter if it is relevant to the claim or defense of any party. Discovery is not confined to admissible evidence, rather it includes any information that is reasonably calculated to lead to admissible information. <u>Accordingly, the relevancy standard is satisfied and discovery requests are to be granted if there is any possibility that the that the information may be relevant to the general subject matter of the action</u>

*Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383, at *9 (E.D. Pa. July 30, 2012) (denying motion to quash). *See also*, *e.g.*, *Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697 at *4 (D.N.J. 2012) (same); *Raw Films, Ltd. v. John Does 1-15*, 2012 WL 1019067, at *6 (E.D. Pa. 2012) (same); *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383 at *9 (E.D. Pa. 2012) (same); *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 at *5 (N.D. Ill. 2013) (same).

"Relevance is a broad concept at the discovery phase . . . The identity of the customers associated with the Alleged IP addresses is relevant under this standard . . . The subpoenas to the ISP, therefore, are a proper use of discovery." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *4 (C.D. Ill. 2012).

### B. Defendant Does Not Have an Expectation of Privacy

Defendant's argument that the court must consider the "expectation of privacy held by . . . innocent users" who might face "public embarrassment and a coerced settlement" also lacks merit. Motion, pp. 9-10.

First, Defendant's accusations of harassment are baseless. The risk of harassment or coerced settlement is not present in this case because Defendant is represented by counsel. *See Malibu Media, LLC v. John Does 1-67*, 2012 WL 6720996 (M.D. Fla. 2012) ("[T]he John Doe Defendants' argument about coercive settlements is simply without any merit in those cases where the John Doe Defendant is represented by counsel.").

Second, Defendant's concern that the subpoena will invade his privacy or cause "public embarrassment" does not justify quashing the subpoena. Motion, p. 10. Plaintiff will consent to a protective order and enable Defendant to proceed anonymously. Further, "courts have consistently held that 'Internet subscribers do not have a reasonable expectation of privacy in their subscriber information.'" *Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697 (D.N.J. 2012)

(quoting *First Time Videos v. Does 1-500,* 276 F.R.D. 241, 247 (N.D. Ill. 2011)). "This is because '[I]nternet subscribers have already voluntarily conveyed their subscriber information—name, address, and phone number to their [I]nternet [S]ervice [P]rovider.'" *Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *7 (D.N.J. 2014) (quoting *Malibu Media, LLC v. John Does 1–15,* 2012 WL 3089383, at *8 (E.D. Pa. 2012).

Moreover, Defendant's fear of "public embarrassment" is not a legally cognizable reason to quash a subpoena under Rule 45. Indeed, "[w]hile the Court acknowledges that 'there is some social stigma attached to consuming pornography ... it is [nonetheless] the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove.'" *Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *8 (D.N.J. 2014) (quoting *Patrick Collins, Inc. v. John Does 1–54,* No. 11–1602, 2012 WL 911432, at *4 (D.Ariz. Mar 2012)).

Plaintiff's subpoena seeks highly relevant information, which outweighs any purported burden on the Defendant. If the Court were to quash the subpoena, it would be impossible for Plaintiff to protect its copyrights from online infringers. Accordingly, the Court should deny the motion to quash the subpoena.

Civil Action No. 3:14-cv-003945

### C. <ins>Courts Throughout The Country Have Expressly Found That Plaintiff And Its Counsel Do Not Engage In Improper Litigation Tactics</ins>

Defendant's *ad hominem* attacks against Plaintiff are baseless, and his "guilt-by-association argument does not justify quashing the subpoena. . . ." *Third Degree Films v. Does 1-36*, 2012 WL 2522151, at * 11 (E.D. Mich. 2012). The Honorable Judge Baylson of the Eastern District of Pennsylvania, after trial, found Plaintiff's motives for filing its lawsuits proper and accusations like those made by Defendant baseless. See *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013) ("Malibu has satisfied its burden of proof with substantial evidence and deserves a large award.")

Similarly, the Honorable Judge Hegarty of the District of Colorado stated: "the Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement." *Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21*, 2013 WL 1777710 (D. Colo. 2013). Other courts have also opined that the criticism Plaintiff receives is unwarranted. "Doe 5 has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. 2013). *See also Malibu Media, LLC*

*v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH, CM/ECF 61, at p. 15 (E.D. Mich. May 16, 2013) (same); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP, CM/ECF 25, at p. 7 (M.D. Fla. July 6, 2012) (same).[1]

Defendant has pointed to no evidence of abuse or harassment in this case. Indeed, Defendant's argument that the "[r]elease of the email and telephone number . . . can result in harassment of defendant" (Motion, p. 3) is without merit because this Court has only granted leave for Plaintiff to receive Defendant's name and address. [CM/ECF 7], at p 6. Regardless, as stated above, Defendant is represented by counsel and the Rules of Professional Responsibility prohibit Plaintiff from speaking with Defendant. Defendant's accusations are baseless, and numerous courts throughout the country have expressly found that Plaintiff does not engage in improper litigation tactics. In light of the foregoing, Defendant's unfounded argument fails and should be disregarded.

---

[1] The only judges that have ever severely criticized Plaintiff's litigation did so *sua sponte* without giving Malibu Media the opportunity to explain its actions.

### D. Arguments That Go To The Merits Of Plaintiff's Complaint Have No Bearing On A Motion To Quash

Defendant's arguments pertaining to the "bit field" go to the merits of Plaintiff's Complaint and are premature at this stage of the litigation. "If Doe is contesting whether he actually downloaded entire files, such arguments go to the merits of the action and are 'not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit.'" *Malibu Media, LLC v. Doe*, 2014 WL 1228383 (N.D. Ill. 2014) (quoting *First Time Videos, LLC v. Does 1–500,* 276 F.R.D. 241, 251 (N.D. Ill. 2011).

Defendant makes multiple arguments in this vein. Indeed, Defendant argues "it is likely that Malibu has already reached the statutory maximum for many of the copyrights . . . ." Motion, p. 4. First, this argument misconstrues 17 U.S.C. § 504(c), which states that there are maximum statutory damages *per work per case*. Regardless, Defendant's argument has no bearing on the present motion because it is not a cognizable reason to quash a subpoena under Rule 45.

Defendant's references to the record-keeping requirements of 18 U.S.C. §2257 are likewise irrelevant. Motion, p. 4. And, Defendant has no evidence to support his accusations. Even if the statue was violated—and it has not been—this has no bearing on a motion to quash a subpoena.

Similarly, Defendant's accusation that "IPP may be responsible for initially seeding plaintiff's content" is neither true, nor is it a reason to quash a subpoena under Rule 45. (Motion, p. 5) Defendant's accusation has been expressly refuted by Plaintiff's witnesses. *See* Declaration of Colette Field, CM/ECF 5-5, at ¶ 29 and Declaration of Tobias Feiser, CM/ECF 5-7, at ¶ 13 ("At no point did IPP distribute any of Plaintiff's copyrighted works.").

All of these assertions go to the merits of Plaintiff's Complaint and are improper at this stage of the proceeding. Such arguments "do not address the propriety *vel non* of the subpoenas" and are therefore "irrelevant and premature." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012). Accordingly, the Court should deny Defendant's motion to quash the subpoena.

### E. Forcing Plaintiff to Litigate Against an Unknown Party is a Violation of Plaintiff's Due Process Rights

Defendant goes on to suggest that the subpoena should be quashed because defense counsel can accept service on Defendant's behalf. Motion, p. 11. Yet, this process would violate Plaintiff's due process rights. Plaintiff should not be forced to litigate against an unknown party. Indeed, courts have held that requiring a party to litigate against an unknown party "seriously implicate[s] due process." *See United States v. Microsoft Corp.*, 56 F.3d 1448, 1463-64 (D.C. Cir. 1995) citing *Doe v. Frank,* 951 F.2d 320, 322 (11th Cir. 1992) ("We are not aware of any

case in which a plaintiff was allowed to sue a defendant and still remain anonymous to that defendant. Such proceedings would, as Microsoft argues, seriously implicate due process."). Allowing a party to proceed anonymously against another "would make the case unmanageable, since the Court would have no way of assessing standing, real parties in interest, jurisdiction, or damages." *Does v. Shalushi*, 2010 WL 3037789 (E.D. Mich. 2010). Accordingly, Plaintiff must obtain the subpoena response in order for this case to proceed.

### F. Plaintiff Does Not Object to Defendant's Request to Proceed Anonymously

Malibu Media, LLC's owners have instructed its counsel to never oppose a defendant's motion or request to proceed anonymously. This has been the case across the board for *every* individual suit that it has ever filed. Accordingly, Plaintiff does not object to allowing Defendant to remain anonymous through the end of discovery so long as Plaintiff is not prevented from conducting discovery in an orderly and efficient manner. This concession should be sufficient to allay Defendant's concern over any undue embarrassment or pressure to settle. *See* Motion, p. 10 ("Any disclosure of information identifying the movant in this case would force them to choose between public embarrassment and coerced settlement . . . .").

Civil Action No. 3:14-cv-003945

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

DATED: November 26, 2014

Respectfully submitted,

By: /s/ *Patrick J. Cerillo*
Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd., Suite 402
Flemington, NJ 08822
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ Patrick J. Cerillo