HUBCITY LAW GROUP
Joseph A. Bahgat (#006502008)
96 Paterson Street
New Brunswick NJ 08901
732 733 2385 x.110
joe@hubcitylawgroup.com
*Attorney for Movant*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Malibu Media, llc, *Plaintiff*; vs. John Doe subscriber assigned IP address 68.38.209.12, *Defendant*. | No. 3:14-cv-003945<br><br>Judge Michael A. Shipp<br><br>Magistrate Judge Douglas E. Arpert |

### DEFENDANT DOE'S REPLY TO MALIBU'S OPPOSITION AND IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO QUASH SUBPOENA



96 Paterson Street
New Brunswick NJ 08901
877 721 9027
www.hubcitylawgroup.com

Malibu Media has said that they consent to the Doe Defendant proceeding anonymously, which ought to make the ISP subpoena moot. But according to Malibu, it doesn't. That's because Malibu wants to know—they need to know—the Doe Defendant's true identity, so they can fully investigate defendant's financial position, which Malibu can then use to leverage a higher settlement. If Malibu consents to the Doe Defendant proceeding anonymously, and defendant's counsel agrees to accept service of process, then there can be no legitimate reason for Malibu to need

the information requested in the ISP subpoena. Malibu hasn't said, and cannot say, how or why they would be prejudiced by litigating against an unknown defendant; they've only stated as a conclusion that they would be prejudiced. Other than being unable to find out how much (or how little) money is in defendant's bank account, or how much defendant's house is worth, or the balance owed on the mortgage, what reason could Malibu have for "needing" to know defendant's real identity?

Malibu Media doesn't oppose defendant proceeding anonymously, and since the undersigned has agreed to accept service of process on behalf of the Doe Defendant, there is no reason why Malibu needs the information requested from the Internet Service Provider. The real reason that Malibu wants the subscriber's identity, as requested in its subpoena, is so they can fully investigate the Doe Defendant's financial position, which they will use to guide their settlement negotiations. This is just the latest tactic in Malibu Media's bag of tricks, which it has been systematically using to exploit the federal courts, and the Rules of Civil Procedure for its own financial benefit.

## LEGAL ARGUMENT



96 Paterson Street
New Brunswick NJ 08901
877 721 9027
www.hubcitylawgroup.com

1. **Compliance with the subpoena would subject the Doe Defendant to undue burden because if the defendant participates in the action anonymously, the same result can be achieved without the subpoena.**

This Court should grant defendant's motion to quash the subpoena because Malibu will not be prejudiced by doing so, but defendant will be subjected to undue burden if the subpoena is not quashed. That undue burden is manifested in having to participate in settlement negotiations

with Malibu Media after Malibu has had an opportunity to investigate any and all assets and resources defendant has at its disposal. To the contrary, under Fed. R. Civ. P. 45, a court may quash a subpoena if disclosure would subject a person to undue burden. Malibu even says that in its brief.[1] Because disclosure in this case would subject the Doe Defendant to undue burden in this litigation, this Court should grant defendant's motion to quash the subpoena, and allow defendant to proceed anonymously per Malibu Media's consent.

2. **Malibu Media does not need the Doe Defendant's identity to effectuate service.**

Malibu Media contends that without the Doe Defendant's identity it cannot protect its rights.[2] Malibu Media's subpoena sought the Defendant's "true name, address, telephone number, and e-mail address" from his ISP provider.[3] The express purpose for which Malibu Media sought this information was to *serve* the defendant.[4] Without this information, plaintiff claims they cannot serve the defendant nor pursue this lawsuit to protect its valuable copyrights.[5]

Malibu Media asserts that by quashing the subpoena, they will be forced to litigate against an unknown party, in violation of its due process right.[6] Nothing could be further from the truth. All defendant is asking for is for Malibu Media to complete service on defendant's counsel, and then to get the information it seeks through the proper discovery process, at which point the de-



96 Paterson Street
New Brunswick NJ 08901
877 721 9027
www.hubcitylawgroup.com

---

[1] ECF 15, at 5.

[2] ECF 15, at 12–13.

[3] ECF 5-4, at 5.

[4] *Id.* (emphasis added).

[5] *See id.*

[6] ECF 15, at 12–13.

fendant will no longer be "unknown."

Here, Malibu Media is on notice that the undersigned is authorized to accept service, obviating the need for the subpoenaed information, which, again, Malibu claims to need only to *serve* process. Still, however, Malibu refuses to serve the Doe Defendant's counsel, a fact that should call into question plaintiff's true motivation in seeking the Doe Defendant's identity.

### 3. Malibu Media has alternative means of obtaining the subpoenaed information.

The scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is also "subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."[7] Rule 26(b)(2)(C) provides that the Court must limit the scope of discovery sought when that discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive." It follows, then, that the need for discovery from a nonparty is diminished when the information is available elsewhere.[8]

The subpoenaed information sought — defendant's "true name, address, telephone number, and e-mail address" — can be produced more efficiently and less intrusively by the defendant himself.[9] In a case remarkably similar to this one, the Federal Circuit in *Haworth, Inc. v. Herman Miller, Inc.* upheld a district court's refusal to enforce a subpoena issued to a non-party to the underlying out-of-district litigation, on grounds that the same documents could have been requested



96 Paterson Street
New Brunswick NJ 08901
877 721 9027
www.hubcitylawgroup.com

---

[7] *Hilton-Rorar v. State & Fed. Communs., Inc.*, No. 09-cv-01004, 2010 U.S. LEXIS 864, *4 (N.D. Ohio Jan. 5, 2010) (citing *Laethem Equip. Co. v. Deere and Co.*, No. 05-cv-10113, 2007 U.S. Dist. LEXIS 70740, *4 (E.D.Mich.2007)).

[8] *See, e.g.*, *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed.Cir.1993).

[9] *Hilton-Rorar*, at *4 (finding an "alternate source of the requested information … demanded in the subpoena can more efficiently be provided by" a party to the action as opposed to a subpoenaed nonparty).

in that underlying litigation from the opposing party. More so, if, as here, "the material sought by subpoena is readily available, either from a party to the action or from a public source, obtaining it through a subpoena on a nonparty witness often will create an undue burden."[10] Here, Malibu Media has been aware that the undersigned represents the Doe Defendant since Nov. 3, 2014.[11] Malibu Media has also been aware that the undersigned is authorized to accept service on behalf of the Defendant.[12] But indeed, rather than serve process, pursue its claims and obtain the information it seeks from the defendant, either through initial disclosures or Rule 34 interrogatories—Malibu Media instead continues to push for one-sided discovery in its favor. Yet another fact that belies any real intent to litigate.

Indeed, a nonparty to an action cannot be subpoenaed to produce documents pursuant to Rule 45 if there is no legal proceeding contemplated.[13] "One reason for the restrictive interpretation is the potential for abuse of the subpoena. The subpoena invokes the power of the court and, therefore, has the capacity to disrupt the lives of [the defendant]. A procedure that allowed parties to send out subpoenas duces tecum at will could result in a form of one-sided discovery."[14] Nonetheless, Malibu Media argues that it "has every intention to litigate in good faith as demonstrated by its record in this district and nationwide."

"Courts across the country have observed that [Malibu Media] (and other companies in-

---

[10] Moore's Federal Practice ¶ 45.03[2] (3d ed.2014) (citing *Graham v. Casey's Gen. Stores, Inc.*, 206 F.R.D. 251, 253–54 (S.D.Ind.2002)); *see also Hilton-Rorar*, at *8 ("it is certainly possible for a subpoena duces tecum to impose an undue burden even though it seeks relevant information.").

[11] ECF 13.

[12] ECF 14-1.

[13] *Taylor v. Litton Medical Products, Inc.*, 19 Fed. R. Serv. 2d 1190, 119192 (D.Mass.1975).

[14] *Id*.

HUBCITY LAW GROUP
96 Paterson Street
New Brunswick NJ 08901
877 721 9027
www.hubcitylawgroup.com

volved in this type of litigation) do not seem interested in actually litigating their copyright claims. Rather, they appear to be using the federal courts only to obtain identifying information for the ISP owners and then attempting to negotiate a quick settlement."[15] Malibu Media's continued reluctance to serve the defendant and participate in the discovery process, only serves to underscore that Malibu Media's motivation for subpoenaing the information is for anything but to complete service.

---

4.   **Malibu seeks the subpoenaed information for an improper purpose.**

Malibu Media represented to the Court that it sought the subpoenaed information to effectuate service on the Defendant, and continues to assert that it cannot proceed and serve defendant without knowing his identity. What follows, however is more indicative of the truth: It is necessary for plaintiff to investigate defendant and determine whether its evidence correctly matches him, or is more appropriately suited against another party, or should not be pursued at all.

Malibu Media previously sought leave of this Court to take limited, immediate discovery. In doing so, Malibu represented that they are suing the defendant. There can be no dispute that Malibu Media told the Court that with the results of the subpoena in hand it would be able to "identify" the defendant and serve process. Now Malibu Media states that the subpoena results



96 Paterson Street
New Brunswick NJ 08901
877 721 9027
www.hubcitylawgroup.com

---

[15] *Malibu Media LLC v. Doe*, No. 12-cv-12598, 2012 U.S. Dist. LEXIS 189311, *21 (E.D.Mich. Oct. 31, 2012) (citing *Malibu Media, LLC v. John Does 1-54*, No. 12-cv-1407, 2012 U.S. Dist. LEXIS 103390, *5 (D.Colo. July 25, 2012)); vacated on grounds of voluntary dismissal by plaintiff (*Malibu Media LLC v. Doe,* 2013 U.S. Dist. LEXIS 35893 (E.D. Mich. Mar. 15, 2013).

are in fact insufficient to "identify" the defendant of violating its copyrights, and that expedited discovery is merely the beginning of an extensive and highly intrusive discovery odyssey for the defendant.[16]

Even if the court had not been told before precisely the opposite of what it is being told now, Rule 15(c)(3) permits an amended complaint to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party to begin with.

In this case, there is no "mistake concerning the identity of the proper party," as required by Rule 15(c)(3). Rather, Malibu Media admittedly lacks knowledge of the correct identity of the proper party. Malibu Media fully intended to sue the Defendant, it did so, and Defendant, admittedly, may turn out to be the wrong party. Rule 15(c) is not designed to remedy such mistakes.[17]

## CONCLUSION

Malibu Media has not demonstrated sufficient need for enforcing the subpoena, but to the contrary, disclosure under the subpoena would substantially impact the Doe Defendant in a negative way. For these reasons, this Court should grant defendant's motion to quash the subpoena, and allow the defendant to proceed anonymously.



96 Paterson Street
New Brunswick NJ 08901
877 721 9027
www.hubcitylawgroup.com

---

[16] *See e.g.*, *Pac. Century Int'l, Ltd. v. Does 1-101*, No. 11-cv-02533, 2011 U.S. Dist. LEXIS 124518, *7-9 (N.D.Cal.Oct. 27, 2011).

[17] *Smith v. City of Akron*, 476 Fed. Appx. 67, 70 (6th Cir.2012).

                                                  Respectfully submitted,

8-Dec-2014                        By: _____
                                                  Joseph A. Bahgat (#006502008)



96 Paterson Street
New Brunswick NJ 08901
877 721 9027
www.hubcitylawgroup.com

— REPLY BRIEF FURTHER SUPPORTING MOTION TO QUASH SUBPOENA —

## CERTIFICATE OF SERVICE

I certify that on the **Eighth** day of **December 2014**, a true and correct copy of the foregoing brief was electronically filed using the CM/ECF system, and that counsel of record was/were served with notice of the same.

_____
JOSEPH A. BAHGAT (#006502008)



96 Paterson Street
New Brunswick NJ 08901
877 721 9027
www.hubcitylawgroup.com