# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————————
                                     :

MALIBU MEDIA, LLC,            :
                                       :
                                       :
                                     :
           Plaintiff,           :   Civil Action No. 14-3945 (MAS)(DEA)
                                     :
          v.                  :   **MEMORANDUM OPINION**
                                     :     **AND ORDER**
                                     :

JOHN DOE subscriber assigned IP address  :
68.38.209.12                          :
                                     :
           Defendants.        :
———————————————————————:

ARPERT, Magistrate Judge

      This matter comes before the Court on a Motion by Defendant to quash the third-party subpoena served by Plaintiff on Defendant's Internet Service Provider ("ISP"), Comcast Cable ("Comcast") or, in the alternative, to proceed anonymously through discovery. *See* Dkt. No. 14. Plaintiff opposes Defendant's Motion to quash and does not oppose Defendant's request to proceed anonymously. *See* Dkt. No. 15. For the reasons set forth below, Defendant's Motion to quash is DENIED and Defendant's request to proceed anonymously until the end of discovery is GRANTED.

## I.    BACKGROUND

      On June 19, 2014, Plaintiff filed a Complaint against a "John Doe" defendant identified only by an IP address, asserting a claim for direct copyright infringement.  Compl. at ¶ 31-36. Plaintiff alleges that Defendant used a file-sharing protocol called BitTorrent to illegally infringe

upon Plaintiff's copyrighted Works.[1]  *Id.* ¶ 11-24.  Plaintiff contends that the BitTorrent protocol functions by "break[ing] a [large] file into many small pieces called bits.  Users then exchange these small bits among each other instead of attempting to distribute a much larger digital file." *Id.* at ¶ 13.  Each bit is assigned a unique cryptographic hash value, which the BitTorrent client software uses to coordinate the exchange of bits between users who are sharing the larger file in question. *Id.* at ¶ 15-16.  Once a user downloads all of the bits comprising the file, the user's "BitTorrent client software reassembles the bits so that the file maybe opened and utilized." *Id.* at ¶ 14.

Plaintiff retained an investigator, IPP International UG, to identify the Internet Protocol ("IP") addresses of those alleged infringers who used the BitTorrent protocol to reproduce or distribute the Works. *Id. at* ¶ 18-23.  Plaintiff alleges that Defendant was engaged in sharing certain of the Works, as IPP International UG was able to use the BitTorrent protocol to download one or more bits of those Works during connections with Defendant's IP address. *Id.* at ¶ 18-24.  Plaintiff further alleges that "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization." *Id.* at ¶ 20.

Given the anonymous nature of the alleged conduct at issue, Defendant was initially only able to identify Defendant by his/her IP address. Accordingly, on July 7, 2014, Plaintiff filed a Motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference. *See* Dkt. No. 5. On September 8, 2014, the Court granted Plaintiff's Motion. *See* Dkt. No. 7. However, the Court's Order only allowed Plaintiff to serve Comcast with a subpoena seeking the name and address of Plaintiff and stated that "[u]nder no circumstances is Plaintiff allowed to seek or obtain [Defendant's] telephone number(s) or email address(es)." *Id.* at p. 6.  Subsequently,

---

[1] Plaintiff alleges that it is the owner of certain United States Copyright Registrations, each of which covers a different motion picture. Compl. at ¶ 3, Ex. B.

Plaintiff served Comcast with a subpoena seeking Defendant's identity.[2] Following Plaintiff's service of the subpoena on Comcast, Defendant filed the present Motion seeking to quash the subpoena served on Comcast, or, in the alternative, to proceed anonymously through discovery.

In support of the present Motion, Defendant claims that the subscriber "in control of the IP address being used to distribute Plaintiff's copyrighted movies, may not be the actual, or even the most likely infringer" and that "[a]ny disclosure of information identifying the movant in this case would force them to choose between public embarrassment and a coerced settlement on potentially specious claims." Dkt. No. 14 at p. 11, 13. Defendant further alleges that the disclosure of their personal information is not justified "in cases like this in which plaintiffs use discovery of personal information to coerce settlements." *Id.* at p. 14. In opposition, Plaintiff denies the use of personal information to "coerce settlement" and claims that even if the subscriber is not the infringer, the information sought by the subpoena is reasonably calculated to lead to the discovery of information necessary to allow Plaintiff to ascertain the infringer's true identity. *See* Dkt. No. 15. In the alternative to quashing the subpoena, Defendant requests to proceed anonymously, at least through the initial stages of this proceeding. Plaintiff does not object to Defendant's request to proceed anonymously.

## II. DISCUSSION

### A. Motion to Quash

Federal Rule of Civil Procedure 45(d)(3)(A) sets forth the circumstances under which the Court must quash a subpoena. In relevant part, Rule 45 provides that on timely motion, the issuing court must quash a subpoena that: "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to an undue burden."

---

[2] Neither party states the date on which the subpoena was served on Comcast.

Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of [Rule 45] are satisfied." *Malibu Media, LLC v. John Does 1–15,* No. 12–2077, 2012 WL 3089383, at *5 (E.D.Pa. Jul. 30, 2012) (citing *City of St. Petersburg v. Total Containment Inc.,* 2008 WL 1995298, at *2 (E.D.Pa. May 5, 2008)). This has been described as "a heavy burden." *Malibu Media, LLC v. Does # 1–30,* 2012 WL 6203697, at *2 (internal citations omitted). The Court considers "whether any privilege or protection applies . . . and whether the subpoena subject Defendants to undue burden." *Schmulovich v. 1161 R. 9,* 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007).

Initially, the Court notes that Defendant has failed to state a reason for quashing the subpoena within the parameters of Rule 45. Instead, Defendant's Motion rests largely on the assertion that Plaintiff is engaging in improper litigation tactics and is only seeking Defendant's personal information to coerce Defendant to settle. However, in the interests of justice, the Court will apply Defendant's arguments to the relevant portions of Rule 45 to determine whether the relief sought by Defendant is proper.

> ### i. Plaintiff's third-party subpoena does not seek privileged or protected information

Defendant claims that the subscriber identified by the subpoena may not be the actual infringer and that disclosing the identity of the subscriber may subject an innocent individual to embarrassment and harassment. While Defendant and subscribers in similar cases may not be the actual infringer, courts have consistently ruled that "Internet subscribers do not have a reasonable expectation of privacy in their subscriber information." *Sony Music Entm't v. Does 1–40,* 326 F.Supp.2d 556, at 566–67 (S.D.N.Y. 2004) (citing *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. Kg. v. Does 1–4, 577,* 736 F.Supp.2d 212, 216 (D.D.C. 2010)). This is because "[I]nternet subscribers have already voluntarily conveyed their subscriber information—name, address, and

4

phone number to their [I]nternet [S]ervice [P]rovider." *Malibu Media, LLC v. John Does 1–15,* 2012 WL 3089383, at *8 (citing *First Time Videos, LLC v. Does 1–500,* 276 F.R.D. 241, 257 (N.D.Ill. 2011); *Achte/Neunte,* 736 F.Supp.2d at 216).

In the present case, Defendant has voluntarily disclosed personal information to Comcast in order to open an Internet account. Accordingly, the Court finds any argument by Defendant that his or her identifying information is so confidential as to establish a basis for quashing the subpoena served on Comcast to be unavailing.

### ii. Plaintiff's third-party subpoena does not impose an undue burden on Defendant

Generally, a party cannot challenge a third-party subpoena based on a theory of undue burden. *See Malibu Media, LLC v. John Does 1–15,* 2012 WL 3089383, at *8 (E.D.Pa. July 30, 2012) ("Defendant is not faced with an undue burden because the subpoena is directed at the [I]nternet [S]ervice [P]rovider and not the Defendant."); *Malibu Media, LLC v. John Does No. 1–30,* 2012 WL 6203697, at *4 (D.N.J. Dec. 12, 2012) ("Defendants do not have standing to contest the third-party Subpoenas on the basis of undue burden."); *Third Degree Films, Inc. v. Does 1–118,* No. 11–cv–03006, 2011 WL 6837774, at *3 (D.Md. Dec. 28, 2011) ("Defendants' argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require them to produce any information or otherwise respond."). Instead, "[i]t is the Internet Service Provider that is compelled to disclose the information, and thus, its prerogative to claim an undue burden." *Malibu Media, LLC v. John Does 1–15,* 2012 WL 3089383, at *8 (citing *First Time Videos,* 276 F.R.D. at 257). Here, because the subpoena was served on Comcast, Defendant cannot establish that it imposes an undue burden on Defendant.

### iii. The information sought by the subpoena is relevant

"A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Schmulovich,* 2007 WL 2362598, at *2 (citing *Transcor,* 212 F.R.D. at 591). If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon timely motion by the party served. *Id.* The the scope of discovery in federal litigation is broad and parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense—including ... the identity and location of persons who know of any discoverable matter." *See* Fed. R. Civ. P. 26(b)(1).

Defendant asserts that the subscriber's information should not be disclosed because the information only identifies the subscriber and not the alleged infringer. The Court is not persuaded by Defendant's argument. The appropriate inquiry under Rule 26(b)(1) is not whether the information sought will lead to identifying the infringer but whether the information sought may reasonably lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The Court notes that while it is possible that the subscriber did not download the infringing material, it is also possible that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer. *See Patrick Collins, Inc.,* 2013 WL 3466833, at *4; *Malibu Media, LLC v. John Does 1–15,* 2012 WL 3089383, at *10; *Malibu Media, LLC v. Does 1–11,* 2013 WL 1504927, at *6. Accordingly, the Court finds that the information sought by the subpoena is relevant.

### B. Motion to Proceed Anonymously

Defendant asserts that Plaintiff's intention in this matter is not to prove its claims of infringement but rather to harass and elicit a settlement from Defendant. Defendant contends that "there are exceptional and compelling circumstances to allow [Defendant] to proceed

anonymously" at least in preliminary matters. Dkt. No. 14 at p. 12. Plaintiff does not object to allowing Defendant to proceed anonymously through discovery. While Defendant's concern of being wrongly identified as the infringer is valid, the fact remains that file sharing of copyrighted work is infringement and Plaintiff would be unable to enforce its rights if any defendant could quash a subpoena based on the mere possibility that another individual had used the defendant subscriber's IP address to perpetuate the alleged infringement. *See Metro–Goldwyn–Mayer Studies Inc. v. Grokster, Ltd.,* 545 U.S. 913 (2005). However, in order to alleviate Defendant's concerns, the Court will allow Defendant to file any requested personal information under seal and to proceed anonymously until the conclusion of discovery.

## III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 17th day of June, 2015,

**ORDERED** that Defendant's Motion to quash the third-party subpoena served by Plaintiff on Comcast [Dkt. No. 14] is **DENIED**; and it is further

**ORDERED** that Defendant's request to proceed anonymously until the end of discovery is **GRANTED**.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge